**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID HALL CRUM, )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>    *Defendant*. ) | Civil Action No. 1:22-cv-00495 (UNA) |

## MEMORANDUM OPINION

Plaintiff initiated this matter on February 25, 2022, by filing a *pro se* Complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. On May 3, 2022, the Court denied the IFP application without prejudice because his conclusory request to proceed IFP was unsworn and included no information to enable an assessment of his financial status. *See* Order, ECF No. 3. The Court also directed plaintiff to, within 30 days, either submit a properly executed IFP application along with a motion to reconsider, or alternatively, submit the $402 filing fee. *Id.* at 2.

Plaintiff has now filed a motion to reconsider, ECF No. 4, which includes an amended IFP application, ECF No. 5. Because plaintiff has now submitted sufficient financial information, and the Court finds that plaintiff qualifies to proceed IFP, *see* 28 U.S.C. § 1915(a)(1), it will grant plaintiff's motion to reconsider and amended IFP application. It will also now review the Complaint and dismiss this matter for the reasons explained below.

Plaintiff, a resident of the District of Columbia, sues the District of Columbia. He alleges that his application to the District of Columbia Department of Human Services for Supplemental Nutrition Assistance Program ("SNAP") benefits was unfairly denied due to "incompetence" and "retaliation." He alleges that, upon his release from incarceration, he promptly communicated

with the Mayor's Office of Returning Citizens Affairs, and that he timely provided "proof of incarceration" as required, but that his benefits were nonetheless terminated.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Here, all parties appear to be citizens of the District of Columbia, thereby defeating diversity jurisdiction. And though plaintiff alleges that he was "retaliated" against, he does not state any supporting facts for such a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation. *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)).

Finally, to the extent that plaintiff seeks to challenge the District's determination, he must follow the appropriate procedures for administrative review and, if necessary, administrative appeal, *see* D.C. Code §§ 4-210.01 *et seq.*, and thereafter, jurisdiction for review is sounded in the District of Columbia Court of Appeals, *see id.* § 2-510.

Consequently, this case will be dismissed.  A separate order accompanies this memorandum opinion.

Date:  August 3, 2022

                                                                                                        s/_____
                                                          CARL J. NICHOLS
                                           United States District Judge